**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| HAMLET C. BENNETT, | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:05-cv-02297 (RMC) |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF UNITED**
**STATES' MOTION TO VACATE ENTRY OF DEFAULT**

This is a civil action in which plaintiff alleges that, beginning with tax year 1995,

the Internal Revenue Service (IRS) disregarded various provisions of the Internal

Revenue Code.  Plaintiff seeks a refund of all taxes paid in, damages for alleged

"wrongful collection," and injunctive and declaratory relief respecting federal taxes.

QUESTION PRESENTED

Plaintiff failed to properly serve the United States because the Internal Revenue

was not served and the proper individual at the United States Attorney's Office was not

served.  Plaintiff failed to exhaust his administrative remedies prior to filing his suit.

Should this Court vacate the entry of default against the United States?

STATEMENT

1. <u>Introduction & background</u>.  Plaintiff Hamlet C. Bennett filed this complaint

on November 28, 2005.  The complaint alleges that in connection with the collection of

federal tax beginning "with 'tax year' 1995," agents and employees of the Internal

Revenue Service "recklessly, intentionally, or by reason of negligence disregarded" a

laundry list of statutes from the Internal Revenue Code. (Compl. ¶1.)1/ On December 19, 2006, plaintiff filed a return of service showing that the United States Attorney for the District of Columbia was served by certified mail. (*See* PACER # 3.) However, the return of service shows that the summons and complaint were not addressed to the civil process clerk of the United States Attorney's Office. Further, plaintiff has not filed a return of service evidencing service on the Internal Revenue Service.

2. Plaintiff's request for entry of default. On February 27, 2006, plaintiff filed a request for entry of default. (Pltf.'s Req. for Entry of Default.) In his request, plaintiff recited that he had served the United States Attorney on December 9, 2005. (Pltf.'s Req. for Entry of Default ¶ 3.) The next day, the Clerk entered the requested default.

ARGUMENT

I

THE COURT LACKS PERSONAL JURISDICTION OVER THE UNITED STATES SINCE PLAINTIFF FAILED TO PROPERLY SERVE THE UNITED STATES

Under Fed. R. Civ. P. 4(i), the United States must be served by: (1) delivering a copy of the summons and complaint to the United States attorney for the district in which the action is brought, or by sending a copy of the summons and complaint by registered or certified mail addressed to the ***civil process clerk*** at the office of the United States attorney; and (2) by sending a copy of the summons and complaint by registered

---

1/    Plaintiff's case is one of nearly sixty known cases filed in this Court with identical or nearly identical complaints.

or certified mail to the Attorney General of the United States at Washington, D.C.; and (3) by sending a copy of the summons and complaint by registered or certified mail to the officer, employee and/or agency of the United States whose order is being challenged.  See Fed. R. Civ. P. 4(i); Relf v. Gasch, 511 F.2d 804 (D.C. Cir. 1975); Hodge v. Rostker, 501 F. Supp. 332, 332 (D.D.C. 1980).

Failure to properly serve the United States deprives the Court of personal jurisdiction, leaving the Court with no power to compel an answer or response.  Rabiolo v. Weinstein, 357 F. 2d 167, 168 (7th Cir. 1966); see also Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 715 n.6 (1982) (Powell, J. concurring). A jurisdictional defect of this sort is fatal to maintenance of an action.  Bland v. Britt, 271 F.2d 193 (4th Cir. 1959).  Accordingly, courts routinely dismiss actions when service is improper.  See Light v. Wolf, 816 F. 2d 746, 750 (D.C. Cir. 1987).  Once a defendant challenges the sufficiency of service of process, the party alleging adequate service of process has the burden of proving that such service was proper.  See Myers v. American Dental Ass'n, 695 F. 2d  716, 725 n.10 (3d Cir. 1982); Familia De Boom v. Arosa Mercantil, S.A., 629 F. 2d 1134, 1139 (5th Cir. 1980).

In this case, upon information and belief, plaintiff has not served the Internal Revenue Service with a summons and a copy of the complaint.  Further, the plaintiff did not send the summons and complaint addressed to the civil process clerk of the United States Attorneys Office, as specifically required by the federal rules.

Accordingly, since plaintiff has failed to properly serve the United States, the default should be vacated, and his complaint must be dismissed.

II

THE COURT LACKS SUBJECT MATTER JURISDICTION OVER THE COMPLAINT, DUE TO PLAINTIFF'S FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES PRIOR TO FILING HIS SUIT

A.    *This Court Lacks Subject-Matter Jurisdiction over Plaintiff's Refund Claim*

This Court does not have jurisdiction over plaintiff's claim for a tax refund. Plaintiff does not allege that he has either filed a claim for refund or fully paid the federal taxes.  Both are necessary to waive the United States' sovereign immunity.  See United States v. Dalm, 494 U.S. 596, 601-02 (1990) (a claim for refund is necessary before filing a suit for a tax refund); 26 U.S.C. § 7422 (same); Flora v. United States, 362 U.S. 145, 177 (1960) (payment in full is required before filing a suit for a tax refund); Vanskiver v. Rossotti, 2001WL361470, *1 (D.D.C. 2001) (same).  Plaintiff has the burden to show that sovereign immunity has been waived.  See, e.g., Paradyne Corp. v. U.S. Dept. of Justice, 647 F.Supp. 1228, 1231 (D.D.C. 1986) (citing United States v. Sherwood, 312 U.S. 584, 586 (1941)).  Under 26 U.S.C. § 7422, "[n]o suit or proceeding shall be maintained in any court for the recovery of an internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or credit has been duly filed . . . ."  26 U.S.C. § 7422(a).  Since plaintiff has not even alleged that he filed a claim for refund, this Court lacks jurisdiction.  Dalm, 494 U.S. at 601-02.

4

Likewise, plaintiff has not alleged that he fully paid his tax liabilities. On the contrary, he seeks an injunction to prevent the Internal Revenue Service from collecting the taxes due. (See Compl. ¶ 34.) This request, in itself, implies that plaintiff has not fully paid the taxes he seeks to recover — an implication fatal to a suit for refund. See Flora, 362 U.S. at 177.

Not only has plaintiff not fully paid the taxes he seeks to recover, he was indicted on February 9, 2006 for one count of conspiracy to defraud the United States and six counts of attempts to evade or defeat the payment of federal taxes due and owing by him. See United States v. Hamlet C. Bennett, Criminal Case No. 1:06-cr-00068-SOM (USDC D. Haw.). The indictment alleges that for the years 1999 through 2003, plaintiff failed to report approximately 2.4 million dollars in self-employment income. See United States v. Hamlet C. Bennett, Criminal Case No. 1:06-cr-00068-SOM (USDC D. Haw.) (PACER #1).

Because plaintiff has not alleged that he filed a claim for refund and fully paid the federal taxes, the United States' sovereign immunity has not been waived, and this Court lacks subject-matter jurisdiction over his claim for a refund.

B.   *Plaintiff's Request for Injunction Is Barred by the Anti-Injunction Act*

Plaintiff seeks an order enjoining the Internal Revenue Service from engaging in any further collection activities. (Compl. ¶ 34). Such injunctive relief is barred by the Anti-Injunction Act (26 U.S.C. § 7421). The Act specifies that no court shall exercise jurisdiction over a suit for the "purpose of restraining the assessment or collection of

5

any tax," as is the patent objective of plaintiff's claim.  See 26 U.S.C. § 7421(a).  Thus, the

Act precludes this Court from exercising jurisdiction over any action, such as this one,

which seeks to enjoin the collection of taxes.  See Foodservice & Lodging Institute, Inc.

v. Reagan, 809 F.2d 842, 844-845 (D.C. Cir. 1987); American Federation of Gov't

Employees, AFL-CIO v. United States, 660 F. Supp. 12, 13, (D.D.C. 1987).

       Although the Supreme Court has recognized a narrow, judicial exception to

§ 7421, the exception is inapplicable to the present case.  In Enochs v. Williams Packing

& Navigation Co., 370 U.S. 1, 7 (1962), the Supreme Court decided that the Anti-

Injunction Act would not apply (1) if, when the facts and law are examined in the light

most favorable to the government, under no circumstances could the government

prevail, and (2) equity jurisdiction otherwise existed.  See Flynn v. United States, 786

F.2d 586, 589 (3d Cir. 1986).  The burden is on the plaintiff to demonstrate that his suit

falls within the purview of the judicially-created exception to the Anti-Injunction Act.

Bowers v. United States, 423 F.2d 1207, 1208 (5th Cir. 1970).

       Plaintiff cannot demonstrate that under the circumstances of this case, the

government could never prevail.  Plaintiff alleges that the Internal Revenue Service

acted improperly with respect to his "federal tax beginning with 'tax year' 1995"

(Compl. ¶ 1), but does not identify the specific tax years at issue, the type of tax,

amounts or dates of alleged "wrongful" collection, specifics as to the alleged

wrongdoing by the Internal Revenue Service, or other facts which identify wrongdoing

and his entitlement to relief.  Primarily he merely expresses his dissatisfaction that the

Internal Revenue Service is attempting to collect his unpaid taxes.2/

   As for the second prong, plaintiff has failed to demonstrate the existence of

equitable jurisdiction.  Plaintiff must show that there is irreparable injury and

inadequacy of legal remedies.  See Foodservice & Lodging Institute, 809 F.2d at 844-45;

Flynn , 766 F.2d at 598.  In certain situations, plaintiff can temporarily forestall collection

— which is the ultimate relief he requests — by requesting a "collection due process

hearing" with the Internal Revenue Service.  See 26 U.S.C. § 6330.  Moreover, he can

fully pay the taxes and then file a claim for refund.  Because the Internal Revenue Code

provides administrative procedures by which he can obtain relief, there is no equitable

jurisdiction.  Accordingly, the second prong of the Enochs test fails.

   In sum, this Court lacks jurisdiction over plaintiff's request for injunctive relief

because such relief is barred by the Anti-Injunction Act.  Plaintiff has not established the

extraordinary circumstances that may justify issuing an injunction under the judicial

exception.  Thus, the Court should vacate the default and dismiss this case.

   C.   *This Court Lacks Subject-Matter Jurisdiction Over*
        *Plaintiff's Damages Claim*

   Plaintiff purports to state a claim for damages under 26 U.S.C. § 7433, and seeks

unspecified damages (Compl. ¶ 32).  This Court does not have jurisdiction over

plaintiff's section 7433 claim because he has failed to demonstrate that he filed an

---

   2/   As already discussed, an allegation conceding that taxes have not been fully
paid is fatal to a suit for refund.  See Flora, 362 U.S. at 177.

administrative claim for damages with the Internal Revenue Service.  As previously mentioned, the party bringing suit must show that the United States has unequivocally waived its sovereign immunity. <u>McGuirl v. United States</u>, 360 F. Supp.2d 125, 128 (D.D.C. 2004) (citing <u>McNutt v. General Motors Acceptance Corp.</u>, 298 U.S. 178, 182-183 (1936); <u>West v. F.A.A.</u>, 830 F.2d 1044, 1046 (9th Cir. 1987).  Section 7433 of the Internal Revenue Code (26 U.S.C.) provides the predicates for the United States' waiver of sovereign immunity with respect to suits for wrongful collection actions.  The Court lacks jurisdiction over the plaintiff's claims because the predicates of section 7433 have not been met.

Under section 7433(a), prior to bringing a suit in federal district court for damages for the unauthorized collection of taxes, a taxpayer must exhaust his administrative remedies.  26 U.S.C. § 7433(a).  "A judgment for damages shall not be awarded under [7433] subsection (b) *unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service.*"  26 U.S.C. § 7433(d)(1) (emphasis added).

The Secretary of the Treasury has promulgated regulations governing the administrative claim for damages under section 7433.  <u>See</u> 26 C.F.R. § 301.7433-1(e).  The regulations provide that

> *An administrative claim for the lesser of $1,000,000 ($100,000 in the case of negligence) or actual, direct economic damages, as defined in paragraph (b) of this section [7433] shall be sent in writing* to the Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer currently resides.

8

26 C.F.R. § 301.7433-1(e)(1) (emphasis added).  The taxpayer must send a written administrative claim for damages to the area director in the district in which the taxpayer lives and include the following: (1) the grounds for the claim; (2) a description of the injuries incurred by the taxpayer; (3) the dollar amount of the claim, including any damages not yet incurred but that are reasonably foreseeable; and (4) the signature of the taxpayer.  26 C.F.R. § 301.7433-1(e)(1) and (2).  Failure to comply with this regulation deprives a court of jurisdiction.  See McGuirl v. United States, 360 F. Supp.2d 125, 128 (D.D.C. 2004); Venen v. United States, 38 F.3d 100, 103 (3d Cir. 1994); Conforte v. United States, 979 F.2d 1375 (9th Cir. 1992).

Here, plaintiff has not alleged that he filed a written claim with the area director which complies with the requirements of the regulations.  Instead, he simply states that he "has/have exhausted all administrative remedies ... ." (Compl. ¶ 6.)  Therefore, plaintiff has not met his burden to prove that the United States has unequivocally waived its sovereign immunity.  Because plaintiff has not met his burden to prove exhaustion of administrative remedies, this Court does not have jurisdiction over his section 7433 claim, and the Court should vacate the default and dismiss the complaint.

III

ENTRY OF DEFAULT AGAINST THE UNITED STATES WAS
IMPROVIDENTLY ENTERED

A default may be entered by the Clerk or a judge when a defendant fails to file a responsive answer.  See Capital Yacht Club v. Aviva, 228 F.R.D. 389 (D.D.C. 2005). Since "strong policies favor the resolution of genuine disputes on their merits," however, the Court has discretion to set aside entry of default for "good cause shown." Id.  To determine "good cause," the Court should consider three criteria: 1) whether the default was willful, 2) whether a set-aside would prejudice plaintiff, and 3) whether the defendant has presented a meritorious defense.  Id. (citing Whelan v. Abell, 48 F.3d 1247, 1259 (D.C. Cir. 1995).  All the factors favor setting aside the default in this case.

As explained above, there was improper service on the United States – denying the United States of proper notice.  It is imperative that plaintiff properly serve the United States as required by Fed. R. Civ. P. 4(i) to enable a timely response from the government.   Clearly, the United States' lack of an answer was not a willful default. Plaintiff's request for entry of default by the Clerk was untenable at that juncture in the case.

Further, plaintiff will in no way be prejudiced.  As indicated above, he has failed to properly serve the United States, and this Court lacks jurisdiction over his claims. For the same reasons, the United States has presented a meritorious defense.

For all these reasons,  the default should be vacated.

CONCLUSION

It is the position of the United States that the Clerk's entry of default should be

vacated.

Date: March 10, 2006.

Respectfully submitted,

/s/ Beatriz T. Saiz
BEATRIZ T. SAIZ
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Ben Franklin Station
Washington, DC 20044
Phone/Fax: (202) 307-6585/514-6866
Email: Beatriz T.Saiz@usdoj.gov

OF COUNSEL:
KENNETH L. WAINSTEIN
United States Attorney