UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **HAMLET C. BENNETT,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-2297 (RMC) |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Defendant. ) | |

### ORDER

Plaintiff, proceeding *pro se*, filed a complaint in this matter on November 28, 2005. Defendant having been served but having failed to answer or otherwise respond in the time prescribed, the Clerk, on Plaintiff's motion, entered default as to Defendant on February 28, 2006. Before the Court are Defendant's Motion to Vacate Entry of Default [Dkt. #8] and Motion to Dismiss [Dkt. #9], both filed on March 10, 2006.

Plaintiff Hamlet C. Bennett is advised of the following. In *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988), the Court of Appeals held that a district court must take pains to advise a *pro se* party of the consequences of failing to respond to a dispositive motion. "That notice . . . should include an explanation that the failure to respond . . . may result in the district court granting the motion and dismissing the case." *Id*. at 509. In addition, the Court's local rules state that "[w]ithin 11 days of the date of service or at such other time as the court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion [or] the court may treat the motion as conceded." Local Civil Rule 7(b). Accordingly, it is hereby

**ORDERED** that Mr. Bennett shall respond to both Defendant's Motion to Vacate Entry of Default [Dkt. #8] and Motion to Dismiss [Dkt. #9] by **May 12, 2006**. If he does not

respond by that date, the Court will treat the motions as conceded, and will set aside the Clerk's entry of default and may dismiss the case.

**SO ORDERED**.

Signed: April 12, 2006

/s/
ROSEMARY M. COLLYER
United States District Judge