# United States District Court
IN THE DISTRICT OF COLUMBIA

Hamlet C. Bennett

Plaintiff(s),

v.

United States

Defendant.

Case No. 1:05-cv-02297-RMC

MOTION FOR JUDGMENT BY DEFAULT

RECEIVED
OCT 26 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Plaintiff hereby moves the Court for Judgment by Default. This motion is based upon and supported by recent jurisprudence, as follows:

The Court's power to hear the case at bar is no longer in question. In a recent Memorandum Opinion, *Martin v. United States*, DDC 05-2506, September 22, 2006, the Honorable Rosemary M. Collyer discussed at length "the split of authority in this District regarding whether the exhaustion of administrative remedies is a jurisdictional prerequisite to bringing suit."

Relying upon *Arbaugh v. Y & H Corp.*, 126 S. Ct. 1235, 1245 (Feb. 22, 2006); and *Turner v. United States*, 429 F. Supp. 2d 149, 154 (D.D.C. 2006), the Court (Collyer) made clear that "failure to exhaust administrative remedies *is not a jurisdictional prerequisite to bringing suit*". (emphasis added)

The Court, citing *Arbaugh v. Y & H Corp.*, 126 S. Ct. 1235, specified:

"A motion under Rule 12(b)(6) can be waived by failing to make it soon enough. Id. at 1240."

Default was entered in the instant case by the Clerk of the District Court on February 28, 2006. Defendant's motion to dismiss, citing Fed.R.Civ.P. 12(b)(1) "lack of subject matter jurisdiction" (now moot) and 12(b)(6) "failure to state a claim", was

untimely filed on March 10, 2006 (concurrently with a motion to set aside the Clerk's Entry of Default).

Based upon the foregoing, establishing that defendant's untimely "affirmative defense" of failure to state a claim was waived by default, and upon the Clerk's February 28, 2006 Entry of Default, Plaintiff moves the Court to grant Judgment by Default, and to order an evidentiary hearing to determine damages.

Respectfully,

_____   Dated: _10 - 20 -_____, 2006
Hamlet C. Bennett

### Acknowledgment

_____On the above inscribed date before the undersigned, a Notary Public for the State of Hawaii, personally appeared Hamlet C. Bennett, known to me to be the person whose name is subscribed to the within instrument, and acknowledged to me that he executed the same as his free act and deed.

_____
Notary, State of Hawaii

My Commission Expires: 12/16/09

