IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HAMLET C. BENNETT, | ) |
| | ) |
| Plaintiff, | ) No. 1:05-cv-02297 (RMC) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES, | ) |
| | ) |
| Defendant. | |

**UNITED STATES' RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE**

The United States, by and through undersigned counsel, responds to the Court's Order to Show Cause of October 10, 2007. The Court ordered the United States to show cause as to why plaintiff's motion for relief from the order of dismissal should not be granted. The United States respectfully requests that the Court deny plaintiff's motion since the Court lacks jurisdiction to award the relief sought and plaintiff has failed to state a claim for damages.

On November 21, 2006, the Court issued an order dismissing plaintiff's complaint because the Court found that plaintiff failed to exhaust his administrative remedies and because his injunction claim was barred by the Anti-Injunction Act, 26 U.S.C. § 7421(a). Eight months later, plaintiff filed a motion for relief from the Court's order without raising any new arguments. The motion should be denied for the reasons set forth in the United States' motion to dismiss.

First, in this refund suit, plaintiff has failed to assert that he fully paid the taxes prior to filing suit. (Compl. Remedy Sought ¶ 33.) This Court does not have jurisdiction

over plaintiff's claim for a tax refund.  See Flora v. United States, 362 U.S. 145, 177 (1960) (payment in full is required before filing a suit for a tax refund).

Second, the Court lacks jurisdiction to award injunctive relief, pursuant to the Anti-Injunction Act (26 U.S.C. § 7421).  The Act specifies that no court shall exercise jurisdiction over a suit for the "purpose of restraining the assessment or collection of any tax," as is the patent purpose of plaintiff's claim.  See 26 U.S.C. § 7421(a).  Thus, the Act precludes this Court from exercising jurisdiction over any action, such as this one, which seeks to enjoin the collection of taxes.  See Foodservice & Lodging Institute, Inc. v. Reagan, 809 F.2d 842, 844-45 (D.C. Cir. 1987); American Federation of Gov't Employees, AFL-CIO v. United States, 660 F. Supp. 12, 13 (D.D.C. 1987).

Third, plaintiff has failed to state a claim for damages.  Plaintiff's complaint is legally insufficient because it fails to provide the necessary factual detail to state a claim, and should be dismissed under Fed. R. Civ. P. 12(b)(6).  A complaint need only set forth a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  The complaint must give "fair notice of the basis for . . . claims and the grounds upon which they rest."  Swierkiewicz v. Sorema N.A., 534 U.S. 506, 507 (2002).  Plaintiff's complaint, however, merely restates the statutory language and alleges no facts to support a claim for damages.  Since plaintiff's complaint fails to provide either notice of the basis of their claims or the grounds upon which they rest, this court should conclude that plaintiff has not, in fact or law, stated a claim.  See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007).

Finally and although not raised in the United States' motion to dismiss, the Court lacks jurisdiction over plaintiff's claim for damages because the claim is merely an improper attempt to challenge the underlying tax liability.

Section 7433 authorizes damages for wrongful *collection* activities only. See, e.g., Buaiz v. United States, 471 F. Supp.2d 129, 137 (D.D.C. 2007) ("§ 7433 waives the United States' sovereign immunity only with respect to claims arising from the collection of income taxes") (citing cases); Arnett v. United States, 889 F. Supp. 1424, 1430 (D. Kan. 1995) (actions taken during assessment of tax under 26 U.S.C. § 6672 do not constitute collection activity for purposes of Section 7433); Sylvester v. United States, 978 F. Supp. 1186 (E.D. Wis. 1997) (allegation that IRS incorrectly computed Section 6672 liability was an error in assessment and not collection and therefore irrelevant to Section 7433 claim); Zolman v. IRS, 87 F. Supp.2d 763 (W.D. Mich. 1999) (mere assertion of improper assessment of tax liability, without more, is insufficient for Section 7433 claim). All allegations in plaintiff's complaint which involve *non-collection* activities are not cognizable under section 7433, and must be dismissed.

For the reasons provided above, the Court should deny plaintiff's motion for relief from dismissal.

DATED: November 13, 2007.

                                              Respectfully submitted,

                                              /s/ Beatriz T. Saiz
                                              BEATRIZ T. SAIZ
                                              Trial Attorney, Tax Division
                                              U.S. Department of Justice
                                              P.O. Box 227
                                              Ben Franklin Station
                                              Washington, DC 20044
                                              Phone/Fax: (202) 307-6585/514-6866
                                              Email: Beatriz T.Saiz@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney