UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| HAMLET C. BENNETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-2297 (RMC) |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

Plaintiff Hamlet C. Bennett filed a *pro se* Complaint against the United States (the "Government"), alleging that beginning with tax year 1995, the Internal Revenue Service ("IRS") "recklessly, intentionally, or by reason of negligence disregarded" various provisions of Title 26 of the U.S. Code in connection with the collection of federal tax. Compl. ¶¶ 1 & 7. On November 21, 2006, this Court issued an order dismissing[1] Plaintiff Hamlet C. Bennett's complaint because the Court found that he failed to exhaust his administrative remedies and because his demand for an injunction was barred by the Anti-Injunction Act, 26 U.S.C. § 7421(a). *See* 11/21/06 Mem. Op. [Dkt. #15]. Now before this Court is Mr. Bennett's Motion for Relief from Order of Dismissal. *See* Mot.

---

[1] Initially, the Government moved to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), (2), (3), (5), and (6). The Court granted the Government's motion under Rules 12(b)(1) and (6) for lack of jurisdiction and failure to state a claim respectively. The Court did not reach the issues regarding rules 12 (b)(2), (3), and (5). The Court need not consider the motion for reconsideration to the extent that it takes issue with the Government's motion pursuant to Federal Rules of Civil Procedure 12(b)(2), (3) and (5), because doing so would be a futile gesture in light of dismissal pursuant to 12(b)(1) and (6). *See Murray v. Dist. of Columbia*, 52 F.3d 353, 355 (D.C. Cir. 1995) ("[T]he movant must provide the district court with reason to believe that vacating the judgment will not be an empty exercise or a futile gesture.").

for Relief from Order of Dismissal Under Fed. R. Civ. P. 60(b)(3), (6) and Memorandum In Support ("Pl.'s Mem.") [Dkt. # 17]. Plaintiff now asserts that "defendant, by and with the active assistance of counsel, perpetrated a fraud upon the Court, through misrepresentation of fact, law, and legal precedent to obtain the said Order [dismissing the case]." Pl.'s Mem. at 1. The United States, at the urging of the Court, responded to Mr. Bennett's motion and requested that the Court deny Plaintiff's motion for relief from dismissal. *See* United States' Resp. to the Court's Order to Show Cause ("Def.'s Resp.") [Dkt. #19]. Because Mr. Bennett's motion has no merit, the Court will deny it.

Federal Rule of Civil Procedure 60(b) provides for motions for relief from a judgment or order due to: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct; (4) void judgment; (5) satisfied, released, or discharged judgment; or (6) "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). In order to prevail under Rule 60(b)(3), the moving party must establish fraud or misconduct, and resulting actual prejudice, by clear and convincing evidence. *Johnson v. Holway*, 2006 WL 3201877, *1 (D.D.C. Nov. 6, 2006). The burden of proof is high because public policy supports protecting the finality of judgments. *Summers v. Howard Univ.*, 374 F.3d 1188, 1193 (D.C. Cir. 2004). "There must be an end to litigation someday, and free, calculated, deliberate choices are not to be relieved from judgment or order." *Ackermann v. United States*, 340 U.S. 193, 198 (1950). Rule 60(b)(6) permits the amendment of a judgment for "any other reason justifying relief from the operation of the judgment." This catch-all provision gives courts discretion to vacate or modify judgments when it is "appropriate to accomplish justice," *Klapprott v. U.S.*, 335 U.S. 601, 614-15 (1949), but it should be applied only in extraordinary circumstances, *Kramer v. Gates*, 481 F.3d 788, 791 (D.C. Cir. Mar. 6, 2007) (citing *Ackermann v. United States*, 340 U.S. 193, 199 (1950)). "Rule 60(b)(6) 'should be only sparingly used' and may not 'be employed simply to

rescue a litigant from strategic choices that later turn out to be improvident.'" *Kramer*, 481 F.3d 792 (quotations omitted) (quoting *Good Luck Nursing Home, Inc. v. Harris*, 636 F.2d 572, 577 (D.C. Cir. 1980)).

The content of Plaintiff's Motion and Memorandum includes allegations that Defendant's legal arguments perpetrated a "fraud" upon the Court or simply repeats general legal arguments already made by Plaintiff and rejected by the Court. The only relevant argument that Plaintiff makes with respect to the Memorandum Opinion issued by this Court is Plaintiff's argument that three of his claims fall outside the purview of the Anti-Injunction Act. *See* Pl.'s Mem. at 4-5. Generally, this Court lacks jurisdiction to award injunctive relief in suits relating to the collection or assessment of taxes, pursuant to the Anti-Injunction Act. *See* 26 U.S.C. § 7421. The Act specifies that no court shall exercise jurisdiction over a suit for the "purpose of restraining the assessment or collection of any tax." *See id; see also Foodservice & Lodging Institute, Inc. v. Reagan*, 809 F.2d 842, 844-45 (D.C. Cir. 1987).

Mr. Bennett claims that he "specifically alleged in the Verified Complaint that defendant failed to afford Plaintiff a meaningful Collection Due Process in accordance with IRC 6230/6330." *See* Pl.'s Mem. at 5. The Court notes for the purposes of this claim, that only 26 U.S.C. § 6330(e)(1) is excepted from the Anti-Injunction Act, *see* 26 U.S.C. § 7421(a), which pertains specifically to a court's authority to enjoin levy and collection proceedings during a pending collection hearing when such proceedings are suspended. *See Larue v. United States*, Slip Copy, 2007 WL 2071672 *1 (D.D.C. July 13, 2007). As such, Plaintiff's "IRC 6230/6330" general claim that "defendant failed to afford Plaintiff a meaningful Collection Due Process" falls outside of this exception to the Anti-Injunction Act. *See id*. Plaintiff also alleges that he is entitled to exemptions under 26 U.S.C. §§ 6212(a) and 6213(a). *See* Pl.'s Mem. at 5. Specifically, Plaintiff alleges that

"defendant failed to provide Notice of Deficiency in accordance with IRC § 6212" and that "defendant failed to give notice of the last day for filing for redetermination of such phantom deficiency in accordance with IRC § 6213." Pl.'s Mem. at 4-5. Plaintiff provides no further facts or any other information to illuminate his above-listed recitation of alleged violations of the Internal Revenue Code and how that might warrant this Court's reconsideration of its order dismissing this case. *See Larue*, 2007 WL 2071672 at *3 (granting Government's motion to dismiss claims based on §§ 6212 & 6213 exemptions because "nowhere in Plaintiffs' pleadings is it alleged that Plaintiffs have been deficient in their taxes, that the Secretary of Treasury has determined Plaintiffs to be so deficient, that Plaintiffs' deficiency is for a given sum of taxes, nor do Plaintiffs set forth specific facts related to the alleged failures to give notice."). Plaintiff's motion as it relates to purported exceptions to the Anti-Injunction Act is denied.

The balance of Mr. Bennett's motion for reconsideration includes allegations that Defendant has "misrepresented" this Court's subject matter jurisdiction, *see* Pl.'s Mem. at 5-7, and that Defendant's "refund suit" construction was intended to "mislead" the Court. *Id*. at 2-3. These portions of Plaintiff's motion merely repeat legal arguments already made by Plaintiff and rejected by this Court. *See* 11/21/06 Mem. Op. [Dkt. #15]. The Court has previously stated that "there is no dispute that Mr. Bennett failed to exhaust his administrative remedies, a mandatory prerequisite to suit," and futility is not an exception to the exhaustion requirement set forth is section 7433. *See id*. at 7; *see also, Lindsey v. United States*, No. 05-1761, 2006 U.S. Dist. LEXIS 58657, at *35 (D.D.C. Aug. 22, 2006); *see also Jaeger v. United States*, No. 06-625, 2006 WL 1518938 (D.D.C. May 26, 2006); *Turner v. United States*, 429 F. Supp. 2d 149, 152 (D.D.C. 2006) (noting that a court is "not free to carve out exceptions that are not supported by the text"). As for assertions by Plaintiff that this was not a refund suit, subject to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1),

his complaint specifically requested "refund of all unassessed taxes, return of all seized property, [and] return of all levied funds." Compl. ¶ 33. Plaintiff now argues that "Defendant and counsel knew that Plaintiff sought no refund in the action," and that "Defendant and counsel instead attacked the prayer and relief rather than answer the substantive allegations contained in the body of my Verified Complaint." Pl.'s Mem. at 2-3. Plaintiff goes on to assert that he "sought only a determination as to whether officers or employees of defendant's agent disregarded provisions of the Internal Revenue Code or regulations promulgated thereunder *in connection with* collection activity." *Id*. at 2. (emphasis in original).

Plaintiff has pointed out a distinction without a difference. Even if Plaintiff is correct in his interpretation of his Verified Complaint, his interpretation leads to dismissal pursuant to Section 12(b)(6) for failure to state a claim upon which relief can be granted. Section 7433 explicitly requires that administrative remedies be exhausted as a predicate to suit. *See* 26 U.S.C. § 7433(d)(1). Mr. Bennett has previously conceded that he has not exhausted his administrative remedies and has offered no new facts that would lead to any other conclusion. This Court will not employ Federal Rule of Civil Procedure 60(b) "simply to rescue a litigant from strategic choices that later turn out to be improvident.'" *Kramer*, 481 F.3d 792 (quotations omitted). The Court will deny the remainder of allegations made by Plaintiff in support of his motion for reconsideration. A memorializing Order accompanies this Memorandum Opinion.

Date: January 16, 2008                             /s/
                                                   ROSEMARY M. COLLYER
                                                   United States District Judge